GRAY v. APPERSON, USE, &c.

1. The City court of Wetumpka is a court of limited jurisdiction, and has no authority to issue a *certiorari* to a justice of the peace.

Writ of error to the Circuit Court of Autauga county.

A suit was instituted before a justice of the peace of Autau-

ga county, against S. S. Gray, by Apperson, for the use of Berkley. The justice gave judgment for the plaintiff, and the defendant afterwards applied to the judge of the City Court of Wetumpka, for a writ of *certiorari*, to remove the said cause into his Court. The writ was issued, and when returned, Apperson moved to quash it on the ground that the Court had no jurisdiction. The writ was quashed for this cause, and thereupon Gray sued out a writ of error to the Circuit Court, which affirmed the judgment of the City Court, repudiating jurisdiction of the cause. He now prosecutes this writ of error to reverse the judgment of the Circuit Court.

Pope, for the plaintiff in error.

No counsel appeared for the defendant.

GOLDTHWAITE, J.—The only question determined in the City and Circuit Courts was, that the former has no authority given by law to issue writs of *certiorari* to review the judgments of a justice of the peace.

The act which creates the City Court of Wetumpka, was passed in 1839, and so much of the enactment as is essential to the understanding of the question to be decided, will be found on the 17, 18, 22 and 23 sections.

By the 17th section, a Court is established, whose jurisdiction within the city, is to be the same, and concurrent with that of the several County and Circuit Courts, with the exception of the powers appertaining to a Court of probate and ordinary. The Judge of the Court is to have the same powers, so far as applicable, as the Judges of the Circuit and County Courts.

By the 18th section, it is provided, that the said Court shall be a Court of record, and the same proceedings shall be had therein as provided in the Circuit and County Courts.

The 22d section provides, if either party shall be dissatisfied with the decision of the Judge, or the verdict of a jury, the cause may be removed into the Circuit Court, either by *certiorari* or appeal. This section also provides for the mode of summoning witnesses, after the cause is so removed, from which it may be inferred the trial is to be had *de novo.*

The 23d section provides, that all persons residing within the limits of the city, shall be amenable to the jurisdiction of

21

the Court, which shall in no wise exempt them from the jurisdiction of the several Circuit and County Courts. Acts of 1840, p. 49, 50.

A very brief examination, we think, will suffice to show that this Court has no appellate or revisory powers. In the first place, all its powers are confined to the limits of the City, and none are amenable to its jurisdiction, who reside elsewhere.— The jurisdiction of a justice of the peace, generally extends over his beat, and unless questioned, over his entire county. If the City Court could award writs of *certiorari*, it would frequently bring persons under its jurisdiction, who were residents elsewhere, and thus extend the powers which are given by the 23d section; but the conclusive objection to this claim of power, is, that instead of subjecting *defendants* to its jurisdiction, *plaintiffs* would be forced there to adjudicate their claims.

We cannot perceive any reason whatever, to suppose the legislature intended to confer any appellate jurisdiction on this Court.

Let the judgment be affirmed.